[Civ. No. 7873. Fourth Dist., Div. One. Aug. 19, 1966.]

LARRY DEE MARTIN, Plaintiff and Appellant, v. FLORA NOBLE, Defendant and Respondent.

Paul Cooksey for Plaintiff and Appellant.

Young, Prenner & Hews and William F. Byrnes for Defendant and Respondent.

WHELAN, J.—Plaintiff appeals from a judgment following the sustaining of a demurrer without leave to amend, and from an order denying his application for temporary injunction.

The complaint, filed July 20, 1964, alleged that the defendant here, Noble, was plaintiff in action No. 121476 (the principal action) filed in the same court, seeking to recover damages from Martin, plaintiff in the present action, for injuries allegedly suffered on March 18, 1963; that the nature and extent of the injuries and damages, if any, of Noble, was a substantial issue in the principal action, whose trial was set for August 31, 1964; that Noble, prior to that date, intended to have surgery performed on her neck and to have vertebrae fused; that said surgery would be expensive, painful, and result in some permanent disability; that Noble contended that such surgery was necessarily required because of the accident which gave rise to cause No. 121476; that such surgery was wholly unnecessary; that a delay of the proposed surgery until after the trial of the principal action would in no way prejudice Noble's physical condition; that should the proposed surgery be carried out prior to said trial and should Martin be held legally liable for damages arising out of the accident, he might be charged for unnecessary surgery and the consequences resulting therefrom; that therefore he would be irreparably injured and that he had no adequate remedy at law.

The allegations of the complaint were sufficiently supported by affidavits of a medical doctor and of Martin's attorney.

Martin's allegations and supporting documents were countered only inferentially by references in Martin's medical expert's reports to the opinions of Noble's medical attendants.

Martin's argument, based upon the foregoing, is that if the operation were to become a *fait accompli* before trial, he might be charged with the cost and consequential damages of the operation, even should it be unnecessary and ill-advised.

### CONCLUSION

The proposed operation was advised, on medical grounds, by the attending physician of the person sought to be enjoined, who was of legal age and otherwise free from legal disability. The operation was of a kind that it was not illegal to perform. Martin's interest was that of a litigant against whom, if his liability should be fixed, damages might be assessed for the cost of the operation and its possibly harmful results only if in the principal action the operation should be found to have been necessary.

In such circumstances a court of equity is without

jurisdiction to enjoin either permanently or temporarily the contemplated operative procedure.[1]

The court in the principal action was vested with whatever jurisdiction existed in the premises. (Code Civ. Proc., § 187.)

The questions of the necessity of the operation, the reasonableness of the costs thereof, and of all other elements of damages in connection therewith, were to be determined in the trial of that action. The preservation and production of evidence as to those matters were subject to regulation in that action.

Thus, under its power to control its calendar, the court could grant continuances of trial to permit a determination of the results of the operation, or to exclude the possible prejudicial effects of having Noble appear in court until the fresh visible effects and temporary mechanical accompaniments of the post-operative process might be removed.

Defendant has filed a motion to dismiss the appeal. That motion is denied.

The judgment is affirmed.

Coughlin, Acting P. J., and Bray, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 14, 1966.

---

[1]We refrain from a sweeping declaration that a legal operation on a fully competent person might never be enjoined for financial reasons. Conceivably, if a person such as Jimmy Durante were under contract that provided that his nose should not be changed in shape or size, a court might give serious consideration to a suit to enjoin an operation for purely cosmetic reasons that would result in a breach of the contract.

*Retired Presiding Justice of the District Court of Appeal sitting under assignment by the Chairman of the Judicial Council.